# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
Filed: January 23, 2025

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * | | |
| JERRY GENE BELT, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 23-779V |
| | * | |
| v. | * | Special Master Dorsey |
| | * | |
| SECRETARY OF HEALTH | * | Interim Attorneys' Fees and Costs. |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * * * | | |

<u>Anne Carrion Toale</u>, Mctlaw, Sarasota, FL, for Petitioner.
<u>Catherine Elizabeth Stolar</u>, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

On May 30, 2023, Jerry Gene Belt ("Petitioner") filed a petition in the National Vaccine Injury Program[2] alleging that as a result of receiving an influenza ("flu") vaccine on September 7, 2021, he suffered injuries including Guillain-Barré syndrome ("GBS"). Petition at Preamble (ECF No. 1).

Petitioner was initially represented by Nicole Gordillo and the Kuzmich Law Firm. On May 1, 2017, Petitioner filed a motion to substitute his attorney. Pet. Mot. to Substitute

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, the undersigned is required post it on the United States Court of Federal Claims' website and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018) ("Vaccine Act" or "the Act"). All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

Attorney, filed May 1, 2017 (ECF No. 69).  Petitioner subsequently filed a motion for interim attorneys' fees and costs, requesting compensation for the attorneys and paralegals who previously worked on his case.  Petitioner's Motion for Payment of Petitioner's Interim Attorneys' Fees and Reimbursement of Case Costs ("Pet. Mot."), filed Aug. 2, 2024 (ECF No. 84).  Petitioner's request can be summarized as follows:

**Fees** – $47,232.10
**Costs** – $3,885.88

Petitioner thus requests a total of $51,117.98.  Respondent filed a response on August 19, 2024, stating that "[R]espondent defers to the Special Master to determine whether or not [P]etitioner has met the legal standard for an interim fees and costs award."  Respondent's Response to Pet. Mot. ("Resp. Response"), filed Aug. 19, 2024, at 2 (ECF No. 87).  Petitioner filed a reply on August 21, 2024, maintaining his request for fees and costs.  Pet. Reply to Resp. Response, filed Aug. 21, 2024 (ECF No. 88).

This matter is now ripe for adjudication.  For the reasons discussed below, the undersigned **GRANTS IN PART** Petitioner's motion and awards $46,906.18 in attorneys' fees and costs.

I.  DISCUSSION

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation.  § 15(e)(1).  When compensation is not awarded, the special master "may" award reasonable fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought."  Id.  If a special master has not yet determined entitlement, she may still award attorneys' fees and costs on an interim basis.  Avera v. Sec'y of Health & Hum. Servs., 515 F.3d 1343, 1352 (Fed. Cir. 2008).  Such awards "are particularly appropriate in cases where proceedings are protracted and costly experts must be retained."  Id.  Similarly, it is proper for a special master to award interim fees and costs "[w]here the claimant establishes that the cost of litigation has imposed an undue hardship and that there exists a good faith basis for the claim."  Shaw v. Sec'y of Health & Hum. Servs., 609 F.3d 1372, 1375 (Fed. Cir. 2010).

The claim appears at this point to have been brought in good faith and built on a reasonable basis.  Moreover, the undersigned finds that an award of interim attorneys' fees and costs is appropriate here where there are significant fees to be paid.

    A.  **Reasonable Attorneys' Fees**

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  Avera, 515 F.3d at 1349.  Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)).  Then, the

2

court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health & Hum. Servs., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y of Health & Hum. Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). "Unreasonably duplicative or excessive billing" includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." Raymo v. Sec'y of Health & Hum. Servs., 129 Fed. Cl. 691, 703 (2016).

Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by Respondent and without providing Petitioner notice and opportunity to respond. See Sabella v. Sec'y of Health & Hum. Servs., 86 Fed. Cl. 201, 209 (2009). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Saxton, 3 F.3d at 1522.

A special master need not engage in a line-by-line analysis of Petitioner's fee application when reducing fees. Broekelschen v. Sec'y of Health & Hum. Servs., 102 Fed. Cl. 719, 729(Fed. Cl. 2011). Special masters may rely on their experience with the Vaccine Act and its attorneys to determine the reasonable number of hours expended. Wasson v. Sec'y of Health & Hum. Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. Nov. 19, 1991), rev'd on other grounds and aff'd in relevant part, 988 F.2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." Saxton, 3 F.3d at 1521.

1. **Hourly Rates**

Here, Petitioner requests the following hourly rates for the attorneys and paralegals who worked on this matter:

**Steve Kuzmich – Attorney**
   2021: $414.00
   2022: $427.00
   2023: $450.00
   2024: $475.00

**Nicole Gordillo – Attorney**
   2021: $355.00
   2022: $366.00
   2023: $386.00

>    2024: $407.00

**Paralegals**
>    2021: $148.00
>    2022: $153.00
>    2023: $161.00
>    2024: $170.00

Mr. Kuzmich and Ms. Gordillo have not previously been awarded fees in the Vaccine Program.

Mr. Kuzmich has been licensed to practice law since 1994, giving him approximately 27 years of overall legal experience when he began working on this case in 2021. Pet. Exhibit ("Ex.") 38 at ¶ 2. Mr. Kuzmich has practiced plaintiff's personal injury law since 1996. Id. at ¶ 3. While Mr. Kuzmich has significant experience in personal injury litigation, this appears to be his first case in the Vaccine Program, and he is not admitted to the Court of Federal Claims. The Kuzmich Law Firm is located in the Dallas-Fort Worth metropolitan area, specifically, Lewisville, Texas. See Pet. Mot. at ¶ 6. The OSM Attorneys' Forum Hourly Rate Fee Schedules[3] compensate attorneys with 20-30 years of experience in practice at an hourly rate in the range of $414.00-$491.00 for 2021, an hourly rate in the range of $427.00-$507.00 for 2022, an hourly rate in the range of $450.00-$534.00 for 2023, and an hourly rate in the range of $475.00-$584.00 for 2024.

The undersigned finds Mr. Kuzmich's rates reasonable based on his legal experience and forum rates. Therefore, the undersigned will award Mr. Kuzmich's requested rates in full.

Ms. Gordillo has been licensed to practice law since 2010, giving her approximately 11 years of overall legal experience when she began working on this case in 2021. Pet. Ex. 37 at ¶ 3-6. Prior to her work as an attorney, Ms. Gordillo worked for 10 years as a paralegal at a personal injury/civil litigation firm. Id. at ¶ 4. Her primary practice area is personal injury claims. Id. at ¶ 6. She was admitted practice in the Court of Federal Claims in 2022. Id. at ¶ 5. This appears to be her first case in the Vaccine Program. The OSM Attorneys' Forum Hourly Rate Fee Schedules compensate attorneys with 11-19 years of experience in practice at an hourly rate in the range of $355.00-$444.00 for 2021, an hourly rate in the range of $366.00-$458.00 for 2022, an hourly rate in the range of $386.00-$482.00 for 2023, and an hourly rate in the range of $407.00-$509.00 for 2024.

The undersigned finds Ms. Gordillo's rates reasonable based on her legal experience and forum rates. Therefore, the undersigned will award Ms. Gordillo's requested rates in full.

Finally, the undersigned finds the requested paralegal rates to be reasonable based on the OSM Attorneys' Forum Hourly Rate Fee Schedules for 2021 through 2024 and will award the requested paralegal rates in full.

---

[3] The fee schedules are available at: https://www.uscfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules.

### 2. Reduction of Billable Hours

In reducing an award of fees, the goal is to achieve rough justice, and therefore a special master may take into account their overall sense of a case and may use estimates when reducing an award. See Florence v. Sec'y of Health & Hum. Servs., No. 15-255V, 2016 WL 6459592, at *5 (Fed. Cl. Spec. Mstr. Oct. 6, 2016) (citing Fox v. Vice, 563 U.S. 826, 838 (2011)). It is well established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable. Bell v. Sec'y of Health & Hum. Servs., 18 Cl. Ct. 751, 760 (1989); Rodriguez v. Sec'y of Health & Hum. Servs., No. 06-559V, 2009 WL 2568468 (Fed. Cl. Spec. Mstr. July 27, 2009). Petitioner bears the burden of documenting the fees and costs claimed. Rodriguez, 2009 WL 2568468 at *8.

The undersigned has reviewed the submitted billing entries and finds the total number of hours billed to be largely reasonable. However, the undersigned finds a reduction necessary.

There are several billing entries for noncompensable administrative tasks, including filing documents and mailing documents. Ms. Gordillo and her paralegal billed $3,940.20 for filing documents[4] and billed $257.60 for mailing documents.[5] Additionally, some of these billing entries contained block billing, making it impossible to discern how much time was spent on noncompensable tasks.

It is well known in the Vaccine Program that billing for some administrative tasks (e.g., filing and mailing documents), even at a paralegal rate, is not permitted. See, e.g., Rochester v. United States, 18 Cl. Ct. 379, 387 (1989) (stating that services that are "primarily of a secretarial or clerical nature . . . should be considered as normal overhead office costs included within the attorneys' fee rates"). Additionally, "[i]t is well established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable." Mostovoy v. Sec'y of Health & Hum. Servs., No. 02-10V, 2016 WL 720969, at *6 (Fed. Cl. Spec. Mstr. Feb. 4, 2016) (citing Bell v. Sec'y of Health & Hum. Servs., 18 Cl. Ct. 751, 760 (1989)). As such, the undersigned will reduce Petitioner's fees request by $4,197.80. Petitioner is therefore awarded a total of $43,034.30[6] in attorneys' fees.

---

[4] These entries are dated May 30, 2023 (billing $1,288.00 for "Filing Petition, exhibit list and PAR questionnaire"); May 30, 2023 (billing $1,042.20 for Ms. Gordillo, working with her paralegal, to e-file documents); September 30, 2021 (billing $1,449.00 for "Fil[ing] multiple records and bills by Affidavit with Court"); and October 5, 2023 (billing $161.00 for refiling exhibits). Pet. Ex. 35 at 6-7.

[5] These entries are dated October 30, 2023 (billing $80.50 to "mail exhibits 16 and 18 in a flash drive") and October 30, 2023 (billing $177.10 to mail paper copies of records). Pet. Ex. 35 at 7.

[6] $47,232.10 - $3,940.20 - $257.60 = $43,034.30.

### B. Attorneys' Costs

Petitioner requests $3,885.88 for expenses incurred including the cost of obtaining medical records, mailing costs, and the filing fee. Pet. Mot. at ¶ 2; Pet. Ex. 36 at 1-2. The undersigned has reviewed the requested costs and finds them to be reasonable and generally well-documented. However, a small reduction is necessary.

Petitioner requested reimbursement of $64.83 for records from Baylor Scott & White Medical Center and reimbursement of $64.20 for records from Texas Health Presbyterian. Pet. Ex. 36 at 1. However, the accompanying receipts show the medical records cost $57.83 and $57.20. Id. at 3, 5. This results in a deduction of $14.00.[7]

## II. CONCLUSION

Based on all of the above, the undersigned finds that it is reasonable to compensate Petitioner and his attorneys as follows:

| | |
|---|---|
| Requested Attorneys' Fees: | $47,232.10 |
| Reduction of Attorneys' Fees: | - $4,197.80 |
| Awarded Attorneys' Fees: | $43,034.30 |
| | |
| Requested Attorneys' Costs: | $3,885.88 |
| Reduction of Attorneys' Costs: | - $14.00 |
| Awarded Attorneys' Costs: | $3,871.88 |
| **Total Interim Attorneys' Fees and Costs:** | **$46,906.18** |

**Accordingly, the undersigned awards:**

**Petitioner is awarded interim attorneys' fees and costs in the total amount of $46,906.18, to be paid through an ACH deposit to Petitioner's counsel's (Kuzmich Law Firm, P.C.) IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this Decision.[8]

   **IT IS SO ORDERED.**

                              /s/ Nora Beth Dorsey
                              Nora Beth Dorsey
                              Special Master

---

[7] ($64.83 - $57.83) – ($64.20 - $57.20) = $14.00.

[8] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.